# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACLYN MITCHELL, Individually and
on behalf of all others similarly situated,

    Plaintiff,

                                          Case No: 8:25-cv-1959
                                          Collective Action

    v.

THE LUCY BURNS
INSTITUTE, INC. d/B/A
BALLOTPEDIA

    Defendant.
_____.

## FLSA COLLECTIVE ACTION COMPLAINT

Plaintiff Jaclyn Mitchell, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, sues Defendant, THE LUCY BURNS INSTITUTE, INC. d/B/A BALLOTPEDIA (hereinafter "BALLOTPEDIA" or "Defendant") for violations of 29 U.S.C. 201 *et seq*. of the Fair Labor Standards Act (the "FLSA"), and states as follows:

## INTRODUCTION

1. Defendant has willfully FAILED to pay overtime wages to Plaintiff and Staff Writers.

2. All members of the putative class were and are classified as salaried exempt.

3. Defendant has created and maintained a scheme to avoid paying overtime wages to all its Staff Writers nationally, and thus keeping for itself unpaid overtime wages owed to 3-6 or more employees by misrepresenting to its employees that they were exempt under the FLSA.

4. Plaintiff herein commences this legal action against Defendant for willful violations of the federal wage and hour overtime pay laws and related regulations on behalf of all similarly situated current and former Staff Writers of Defendant who worked anytime in the preceding three (3) years to the present.

5. Defendant did not accurately track and record the work hours of its Staff Writers.

6. Defendant has willfully failed to pay Plaintiff, and all similarly situated persons in accordance with the Fair Labor Standards Act (FLSA). Specifically, Plaintiff, and similarly situated employees were not paid premiums for all hours they worked in excess of forty (40) hours per week.

7. Plaintiff, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices were not only clearly unlawful, but UNFAIR as well.

8. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 since this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

10. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

11. Plaintiff worked for Defendant remotely from her home located in Pinellas County, Florida. Plaintiff's owed overtime compensation stems from her work performed in Pinellas County, Florida.

12. DEFENDANT is subject to the Personal jurisdiction of this Court in this action pursuant to Florida's long arm statute, Fla. Stat. Ann. § 48.193 as Defendant has caused injury to a person in Florida while engaging in solicitations or service activities within Florida. Moreover, Defendant's actions of hiring a Florida resident demonstrates a purpose to avail themselves of the Florida employment market and Florida laws such that they should expect to be hailed into court here.

13. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the damages occurred within this district. Venue is also proper to this Court pursuant to 29 U.S.C. Section 216(b), as the Claims may be brought in any state or Federal Court.

## THE PARTIES

14. Plaintiff Jaclyn Mitchell is a citizen of Florida.

15. Plaintiff worked for Defendant as a Staff Writer from March 2018 to June 2, 2025.

16. Plaintiff worked for Defendant from her home in Pinellas County, FL.

17. All Staff Writers over the relevant FLSA 3-year statute of limitations period preceding the filing of this complaint were classified as salaried and exempt employees under the FLSA and not paid a premium for overtime hours, and who did not accurately report or clock in and out their work hours.

18. At all times material, Plaintiff and those similarly situated were employees of Defendant during the term of her employment as contemplated by 29 U.S.C. § 203.

19. Plaintiff was paid a base salary as did all other Staff Writers.

## DEFENDANT THE LUCY BURNS INSTITUTE, INC. d/B/A BALLOTPEDIA

20. Defendant, THE LUCY BURNS INSTITUTE, INC. d/B/A BALLOTPEDIA is a s a 501(c)(3) nonprofit organization and a Wisconsin Non-Stock Corporation with a principal place of business located at 8383 GREENWAY BLVD, SUITE 600, MIDDLETON, WI 53562.

21. Defendant may be served through its Registered Agent for service of process, GWEN BEATTIE, 8383 GREENWAY BLVD, SUITE 600, MIDDLETON, WI 53562.

22. As stated by Defendant on its website[1], "The mission of the Lucy Burns Institute is to serve our audience by providing curated content on all levels of U.S. politics that is relevant, reliable, and available for all. Informed voters are the foundation of democracy, and we envision an America where everyone has equal access to accurate information about politics, elections, and policy. With your help, we have created and continue to build Ballotpedia, the online encyclopedia of American politics and elections."

23. Defendant is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods, is involved in interstate commerce and has employed 50 or more employees at any given time during the preceding 3 years to the present day.

24. The overtime wage provisions set forth in FLSA §207 apply to Defendant, as it engages in interstate commerce. Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203.

25. Thus, Defendant had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance and the failure to do so subjects it to the payment of liquidated damages and a three (3) year statute of limitations for FLSA violations.

**FACTUAL AND COLLECTIVE ACTION ALLEGATIONS**

---

[1] https://ballotpedia.org/Lucy_Burns_Institute

26. This collective action arises from a longstanding and continuing wrongful scheme by Defendant to willfully refuse to pay overtime wages to a class of employees, persons working as Staff Writers who Defendant knows or should have known, were misclassified and should have been paid overtime premiums throughout the preceding 3 years.

27. Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members.

> **All employees working as a Staff Writer or other persons performing similar job duties under various other job titles who are currently or were previously employed anywhere in the U.S. with LUCY BURNS INSTITUTE, INC. d/B/A BALLOTPEDIA within the past three years preceding the filing of this lawsuit to the present.**

28. Plaintiff is able to protect and represent the Collective or putative classes, and is willing, able, and consents to doing so.

29. Plaintiff has routinely worked more than forty (40) hours in workweeks throughout the term of her employment with Defendant and without being paid a premium for all these overtime hours.

30. Upon information and belief, at any given time, Defendant employed approximately 3-6 Staff Writers, such that with turnover, the class of Staff Writers is 10 or more.

31. Defendant did not provide a means for Staff Writers to report, record, or clock their work hours nor meal breaks. Instead, Staff Writers were encouraged to work as many hours as necessary to meet deadlines imposed by Defendant.

32. Plaintiff alleges for herself and on behalf of the putative class or classes who elect to opt-in to this action, that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the FLSA, plus an equal sum in liquidated damages.

33. Upon information and belief, all Staff Writers were all paid under a common pay or compensation plan of a base salary.

34. All Staff Writers performed their job duties in a uniform, similar manner and all are supervised and managed according to the same national standards and uniform policies and procedures set by the Defendant and applicable to all Staff Writers working remotely.

35. Staff Writers were purposefully misled by Defendant to believe they were lawfully classified as exempt from overtime pay.

36. The Defendant maintained a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for Staff Writers despite clear knowledge Staff Writers have worked and continue to work overtime hours which are unreported.

37. Plaintiff told Defendant on multiple occasions that she was working more than 40 hours per week and that the tasks Defendant assigned to her as a Staff

Writer routinely took longer to complete than Defendant's estimated time to complete many of these tasks.

38.    The actual job duties performed by the proposed putative class of Staff Writers do not satisfy the elements of any exemptions within FLSA §213.

39.    Plaintiff's and Staff Writers' primary job duty was to collect, review, compile and paraphrase information to publish encyclopedic and news articles following a specific and rigid editorial guideline and template created and imposed by Defendant.

40.    Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

41.    Pursuant to FLSA §207, Defendant, as the employer of Plaintiff and other similarly situated Staff Writers, was and is required to pay premium pay, meaning overtime wages, or hours worked in excess of forty (40) hours per week.

42.    Defendant was fully aware that Staff Writers were working more than 8 hours in a day and more than 40 hours in a week in attempts to complete all of the duties and tasks assigned by Defendant.

43.    Defendant does not presently and has not throughout the relevant three (3) year class period, properly clocked, tracked, or recorded the actual working hours of Staff Writers.

44. All Staff Writers followed corporate policies and procedures applicable to all remotely employed Staff Writers wherever Staff Writers worked from throughout the U.S.

45. All Staff Writers were trained to perform their job duties and expected to perform their job duties in similar manners throughout the U.S.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

46. Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

47. Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay all Staff Writers required overtime wages for all hours worked.

48. Plaintiff, and all other persons working as Staff Writers routinely worked more than 40 hours during their workweeks, and without being paid a premium for the overtime hours incurred.

49. Defendant knew that Plaintiff and Staff Writers routinely worked more than 40 hours, but willfully misclassified them as a group as exempt from overtime pay to avoid its overtime pay obligations under the FLSA, to cut labor costs and to maximize profits for its owners and shareholders.

50. Defendant had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously and accurately track and record all work hours of non-exempt employees, including Staff Writers working under any job titles.

51. As Defendant failed to institute any actual time tracking system or time clock for employees to log in and out their ACTUAL work times, Staff Writers can meet their burden here by estimating their work hours as per the U.S. Supreme Court decision, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

52. Defendant's conduct and actions classifying all Staff Writers as exempt from overtime pay under the FLSA was a willful violation of Section 207 of the FLSA, and further lacks any good faith basis under the FLSA as Staff Writers are generally considered to be non-exempt by DOL regulations and from court decisions on the FLSA.

53. Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative Class, comprised of all current and former similarly situated Staff Writers a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

54. Defendant has classified all Staff Writers as exempt from overtime pay without any individualized job analysis such that they are all subjected to the same or common unlawful pay practice, and that they are all similarly situated for the purposes of pursuing their claims collectively as per Section 216(b) of the FLSA.

55. Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one- and one-half times their respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

56. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the putative class, have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

57. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

58. As per the FLSA, Defendant has the burden to prove Plaintiff and all others similarly situated were not entitled to overtime pay during the preceding 3 years because of some exemption and Plaintiff and all others who elect to opt into this action and assert their rights under the FLSA are not required to prove they are legally entitled to these wages.

59. Further, since Defendant did not track and record the work hours of the Staff Writers, the burden shifts to Defendant to prove the precise hours worked by the Plaintiff and the proposed class or the court or jury can award wages based upon the estimates by the Plaintiff and the proposed class.

60. As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the putative class of all other similarly situated Staff Writers

have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

**WHEREFORE,** Plaintiff Jaclyn Mitchell, individually, and on behalf of all other similarly situated past and present Staff Writers, seeks the following relief:

a. Designate Plaintiff Jaclyn Mitchell as Representative of the FLSA Collective Class;

b. That the Court find and declare Defendant has willfully violated the overtime compensation provisions of the FLSA;

c. That the Court find and declare Defendant's violations of the FLSA overtime laws were and are willful and lacking a good faith basis for complying with the state and federal overtime laws;

d. That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payments of overtime compensation owed to members of the FLSA Class;

e. That the Court award to Plaintiff Jaclyn Mitchell and the FLSA Class, comprised of all similarly situated employees, overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value of all compensation earned for bonuses/commission, for previous hours

    worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

f. That the Court award Plaintiff Jaclyn Mitchell and the plaintiffs who opt into this action, recovery of their reasonable attorneys' fees, costs, and expenses of litigation pursuant to FLSA § 216;

g. That the Court finds Defendant willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

h. That the Court apply a three (3) year statute of limitations to the FLSA claims; and

i. That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

## **DEMAND FOR JURY TRIAL**

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted July 25, 2025.

                                        */s/Mitchell L. Feldman*
                                        **Mitchell L. Feldman, Esq**
                                        Florida Bar No.: 0080349

        FELDMAN LEGAL GROUP
        12610 Race Track Road, Suite 225
        Tampa, FL 33626
        Tele: (813) 639-9366
        Fax: (813) 639-9376
        mfeldman@flandgatrialattorneys.com
        *Lead Counsel for Plaintiff and the class of similarly situated*